IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD SCOTT PATZ, ) | |
| ) | |
| Plaintiff, ) | 4:05cv3128 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| NEBRASKA DEPARTMENT OF ) | |
| CORRECTIONAL SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the following pending motions: (1) filing no. 50, the defendants' Motion to Dismiss Defendants in Their Official Capacities; (2) filing nos. 54, 58 and 67, the defendants' Motions to Dismiss and Take Judicial Notice; and (3) filing nos. 61 and 70, the plaintiff's Objections to Motions to Dismiss.  In his complaint, the plaintiff, Donald Scott Patz, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), seeks monetary, declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, for deprivations of due process in connection with prison disciplinary proceedings.

The plaintiff states that, beginning on May 20, 2001, he was placed in segregation as the result of false charges trumped up against him, followed by a negligent investigation by prison officials at the Nebraska State Penitentiary ("NSP").  Although the plaintiff successfully grieved part of the disciplinary action, his absence from work while in segregation caused him to lose his prison job at TEK Industries,[1] a desirable employer at

---

[1]"TEK is a private corporation that runs a manufacturing facility in the [Nebraska State Penitentiary], at which approximately 120 inmates are employed. Because TEK pays employees at least the minimum hourly wage, employment at TEK is desirable and

1

the NSP.[2] Once he no longer worked at TEK Industries, the plaintiff lost his entitlement to remain at the NSP, and DCS transferred him to the State's maximum security facility, the Tecumseh State Correctional Institution ("TSCI") in February of 2002. Meanwhile, the plaintiff suffered severe stress which required medical attention, and his requests to be compensated for lost wages have been denied.

## Motions to Dismiss

The defendants move to dismiss the complaint on a variety of grounds, such as insufficient service of process, the State's sovereign immunity, and the defendants' qualified immunity from damages in their individual capacities. In addition, the defendants argue that principles of res judicata or collateral estoppel bar this action as the plaintiff litigated the same claim in the District Court of Lancaster County, Nebraska, in Case No. CI 01-4404, Patz v. Nebraska Department of Correctional Services, et al., in which final judgment has been entered in the defendants' favor on the same claims.

Whatever the merit of the defendants' arguments, the fundamental problem with the complaint in this case is the defect recognized by the state court in Case No. CI 01-4404. The plaintiff lacked a liberty or property interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In this case, the placement of the plaintiff in segregation, even if inequitable in the circumstances, did not entitle the plaintiff to procedural safeguards, because the Due Process Clause of the Fourteenth Amendment does not mandate due process of law absent a constitutionally protected

---

competitive." Jones v. TEK Industries, Inc., 319 F.3d 355, 357 (8th Cir. 2003)

[2]The plaintiff spent a total of 19 days in segregation.

2

liberty or property interest.

### Segregation

First, prisoners do not have a liberty interest in remaining free from segregation for relatively short periods of duration. Thus, the Due Process Clause did not protect the plaintiff from his 19-day period of segregation, even if the placement was erroneous or unfair. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. Singleton v. Cecil, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir.) (*en banc*), cert. denied, 528 U.S. 966 (1999).

In order to constitute a liberty interest, an individual must have a legitimate claim or entitlement to the subject of the deprivation which rises to more than a unilateral hope, or expectation. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 459 (1989). A protected liberty interest may arise from either the Due Process Clause of the United States Constitution, itself, or from a state-created statutory entitlement. Hewitt v. Helms, 459 U.S. 460, 466 (1983); Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (citations omitted).

The Due Process Clause of its own force does not afford a prisoner a liberty interest in remaining in the general prison population. Lekas v. Briley 405 F.3d 602, 607 (7th Cir. 2005). See also Holly v. Woolfolk, 415 F.3d 678, 679 (7th Cir. 2005) ("being placed in

3

segregation is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process"), cert. denied, 126 S.Ct. 1166 (2006). Accord Christianson v. Clarke, 932 F. Supp. 1178, 1182 (D. Neb. 1996) ("[T]he Due Process Clause itself does not protect any liberty interest in remaining free from administrative segregation or protective custody.").

The plaintiff's claim to a state-created liberty interest is governed by the United States Supreme Court's decision in Sandin v. Conner, 515 U.S. 472 (1995). "Sandin found no liberty interest protecting against a 30-day assignment to segregated confinement because [the assignment] did not 'present a dramatic departure from the basic conditions of [the inmate's] sentence.'" Wilkinson v. Austin, 545 U.S. at 223, *quoting* Sandin, 515 U.S. at 485.

In Sandin, the Supreme Court substantially narrowed the circumstances in which a state-created liberty interest arises:

> The time has come to return to the due process principles we believe were correctly established and applied in Wolff and Meachum. Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause .... But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (citations omitted).   Therefore, to demonstrate a liberty interest created by state law, the plaintiff must show that the protested conditions exceed the normal range and limits of custody and impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id.

However, the Eighth Circuit Court of Appeals has "consistently held that

4

administrative and disciplinary segregation are not atypical and significant hardships under Sandin." Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002). Accord Kennedy v. Blankenship, 100 F.3d 640, 642 n. 2, 643 (8th Cir.1996) (placement in punitive isolation was not an atypical and significant deprivation even though the prisoner faced restrictions in privileges regarding mail, telephone, visitation, commissary, and personal possessions). See also Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003): "We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship." The absence of contact visitation, exercise privileges, and chapel rights for 37 days did not constitute an atypical and significant hardship. Id. See also Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (administrative confinement for 15 months did not impose an atypical and significant hardship). Similarly, in Jones v. Baker, 155 F.3d 810, 813 (6th Cir. 1998), the Sixth Circuit did not consider confinement in administrative segregation for two and one-half years an atypical and significant hardship.

## Loss of Employment

The plaintiff's loss of employment did not create rights under the Due Process Clause. Notwithstanding that the plaintiff lost a valuable job at TEK Industries and a substantial income, a prisoner has no property interest or constitutional right to retain any particular prison job. Mitchell v. Kirk, 20 F.3d 936, 938 (8th Cir. 1994); Hamm v. Moore, 984 F.2d 890, 893 (8th Cir. 1992); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987) (*per curiam*).

In short, the plaintiff's period in segregation was relatively short. The conditions

there were not "outside the ordinary realm of what is to be expected of prison life,"[3] and the placement in segregation had no effect on the overall duration of the plaintiff's period of imprisonment. The plaintiff had no liberty or property interest arising under the Due Process Clause itself or state law, and, therefore, he did not suffer a deprivation of liberty or property entitling him to due process.

### Eighth Amendment

Finally, I have considered whether the Eighth Amendment could have been violated by placement of the plaintiff in segregation. The Eighth Amendment is violated by the denial of "the minimal civilized measure of life's necessities," or by incarceration under conditions "posing a substantial risk of serious harm." Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (citation and internal quotation marks omitted). It is the "unnecessary and wanton infliction of pain" which constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Hope v. Pelzer, 536 U.S. 730, 737 (2002) (citations omitted). See also Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003):

> To sustain this claim, [the plaintiff] needs to show "unnecessary and wanton infliction of pain," as well as a deprivation "denying the minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 ... (1991) (internal quotations omitted). [The plaintiff] must also show that the defendants were deliberately indifferent to his health or safety, Farmer v. Brennan, 511 U.S. 825, 828 ... (1994), and that they acted maliciously for the purpose of causing him harm, Whitley v. Albers, 475 U.S. 312, 320-21 ... (1986).

However, the plaintiff has not demonstrated, or even alleged, any facts approaching that exacting standard. Far worse conditions than those experienced by the plaintiff have been held not to violate the Eighth Amendment. See generally Key v. McKinney, 176 F.3d

---

[3] Christianson v. Clarke, 932 F. Supp. 1178, 1182 (D. Neb. 1996), *citing* Sandin.

1083, 1086 (8th Cir. 1999). Moreover, in evaluating the constitutionality of challenged prison conditions under Eighth Amendment standards, the duration of harsh or restrictive conditions constitutes an important factor. See, e.g., Rahman X v. Morgan, 300 F.3d 970, 974 (8th Cir. 2002). The short duration of the plaintiff's segregated confinement was neither "cruel" nor "unusual" in the sense of unnecessary and wanton infliction of pain.

In short, the plaintiff's placement in segregation did not violate the Constitution of the United States.

THEREFORE, IT IS ORDERED:

1. That filing nos. 50, 54, 58 and 67, the defendants' Motions to Dismiss, are granted insofar as the motions are consistent with this Memorandum and Order;

2. That filing nos. 61 and 70, the plaintiff's Objections to Motions to Dismiss, are denied;

3. That the plaintiff's complaint and this action are dismissed with prejudice, and judgment will be entered accordingly.

DATED this 2nd day of March, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge